# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-670V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| TARA BLAISE, | * | |
| | * | |
| Petitioner, | * | Special Master Shah |
| | * | |
| v. | * | Filed: June 9, 2025 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

*Anne Carrion Toale,* Maglio Christopher & Toale, P.A., Sarasota, FL, for Petitioner.
*James Vincent Lopez,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 6, 2019, Tara Blaise ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet. (ECF No. 1). Petitioner alleged that she suffered from Guillain-Barré syndrome ("GBS") as a result of the influenza ("flu") vaccination she received on September 21, 2018. *See id*. An Amended Petition was filed on September 8, 2021, clarifying Petitioner's complex post-vaccination medical history and that stating her ultimate diagnosis was transverse myelitis. *See* ECF No. 59. On September 3, 2024, the parties filed a stipulation, which I adopted in a Decision awarding compensation on September 5, 2024. ECF Nos. 112, 113. Petitioner was awarded $100,000.00 in damages. ECF No. 113.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On January 26, 2021, Petitioner filed a revised motion for interim attorneys' fees and costs requesting $9,705.56 in interim fees and costs incurred by Petitioner's previous counsel, Mr. Michael W. Pottetti. ECF No. 46. On January 26, 2021, Petitioner's motion for interim fees was granted in part and he was awarded $7,748.06. ECF No. 47.

On October 17, 2024, Petitioner filed an application for final attorneys' fees and costs ("Fees App."). ECF No. 118. Petitioner requests attorneys' fees and costs in the amount of $119,681.39, consisting of $93,179.10 in attorneys' fees and $26,502.29 in attorneys' costs. Fees App. at 2. Petitioner indicated she did not personally incur costs related to the prosecution of this petition. Ex. 59. Respondent responded to the motion ("Fees Resp.") on October 22, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Fees Resp. at 2-3. Petitioner filed a reply ("Fees Reply") on October 17, 2024. ECF No. 121.

This matter is now ripe for consideration.

**I.    Attorneys' Fees and Costs**

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

   **A.  Reasonable Hourly Rates**

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Petitioner requests the following rates of compensation for her attorneys at mctlaw: for Ms. Anne Toale, $445.00 per hour for work performed in 2020, $475.00 per hour for work performed

2

in 2021, $500.00 per hour for work performed in 2022, $535.00 per hour for work performed in 2023, and $570.00 per hour for work performed in 2024; for Ms. Alison Haskins, $492.00 for work performed in 2023; for Mr. Altom Maglio, $445.00 for work performed in 2021; and for Ms. Diane Stadelnikas, $470.00 for work performed in 2021, and $525.00 for work performed in 2023. *See* Ex. 57. Petitioner also seeks compensation for paralegals, ranging from $145.00-$190.00 per hour for work performed in 2020-2024. *Id.*

Ms. Toale and her colleagues have previously been awarded their 2020-2024 rates by other special masters. *See, e.g., Ferrari v. Sec'y of Health & Hum. Servs.*, No. 19-93V, 2024 WL 4503644, at *2 (Fed. Cl. Spec. Mstr. Aug. 22, 2024); *Mekwinski v. Sec'y of Health & Hum. Servs.*, No. 16-859V, 2024 WL 4043676, at *1 (Fed. Cl. Spec. Mstr. July 23, 2024); *Ciccarelli v. Sec'y of Health & Hum. Servs.*, No. 19-261V, 2024 WL 1617318, at *2 (Fed. Cl. Spec. Mstr. Feb. 15, 2024). Accordingly, I find the requested rates are reasonable and will award them herein.

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable.

Accordingly, Petitioner is awarded final attorneys' fees in the amount of **$93,179.10**.

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $26,502.29 in attorneys' costs. This amount consists of costs associated with acquiring medical records, postage, process server fees, electronic signature services, and travel expenses related to a client meeting, including meals, flights, car rental, and ground transportation. *See* Ex. 57 at 1. Although Petitioner provided receipts and supporting documentation for the majority of these expenses, there was no receipt for the following costs:

- 4/13/22 - AMERICAN - flight for attorney client visits (split btw 2) - $230.36;
- 10/17/2023 - Northwell Health Physician Partners Rheumatology at Great Neck – Billing Statements - ARC Records - $63.00.

Ex. 58 at 2-3.

Petitioners bear the burden of substantiating and establishing the reasonableness of costs expended with "supporting documentation such as receipts, invoices, canceled checks, etc." *Solomon v. Sec'y of Health & Hum. Servs.*, No. 14-748V, 2016 WL 8257673, at *8 (Fed. Cl. Spec. Mstr. Oct. 27, 2016) (quoting *Ceballos v. Sec'y of Health & Hum. Servs.*, No. 99-097V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)). Special masters, however, have awarded compensation for costs without documentation when they are "satisfied that the costs incurred were related to the proceedings ... and were reasonable." *Erickson v. Sec'y of Health & Hum. Servs.*, No. 96–361V, 1999 WL 1268149, at *8 (Fed. Cl. Spec. Mstr. Dec. 10, 1999); *see also English v. Sec'y of Health & Hum. Servs.*, No. 01–61V, 2006 WL 3419805, at *14–15 (Fed. Cl. Spec. Mstr. Nov. 9, 2006) (allowing payment for computer research even though no documentation was provided). The medical record request seems reasonable, so I will grant that cost. I cannot gauge the nature of the American Airlines flight, however, so I will deduct **$230.36** from the award of costs.

Petitioner also requests reimbursement for expert services provided by Carlo Tornatore, M.D. at an hourly rate of $450.00, for 48.5 hours, totaling $21,825.00. This rate is consistent with what Dr. Tornatore has been previously awarded, and I find it reasonable herein. *See, e.g.*, *Ferrari*, 2024 WL 4503644, at *3. Petitioner has provided adequate documentation supporting the remainder of the requested costs, and Respondent has not identified any specific costs as objectionable. I find these costs to be reasonable and shall fully reimburse them.

Accordingly, Petitioner is awarded final attorneys' costs in the amount of **$26,271.93**.

## II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $93,179.10 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$93,179.10** |
| | |
| Attorneys' Costs Requested | $26,502.29 |
| (Reduction to Costs) | ($230.36) |
| **Total Attorneys' Costs Awarded** | **$26,271.93** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$119,451.03** |

**Accordingly, I award a lump sum in the amount of $119,451.03, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).